UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **TELEBRANDS CORP.,** | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | *Electronically Filed* |
| | ) | |
| **GIVEME, INC., d/b/a GIVEME ENTERTAINMENT and JACK SCALFANI,** | ) ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | | |

-----------------------------------------------------------

**COMPLAINT**

Plaintiff Telebrands Corp. ("Telebrands"), for its Complaint against Defendants GiveMe, Inc., d/b/a GiveMe Entertainment ("GiveMe") and Jack Scalfani ("Scalfani") (collectively, "Defendants") alleges as follows:

**PARTIES**

1. Plaintiff Telebrands is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 79 Two Bridges Road, Fairfield, New Jersey 07004.

2. Defendant GiveMe is a Tennessee corporation that has a place of business at 157 Trail Ridge Drive, Hendersonville, Tennessee 37075. Upon information and belief, Defendant GiveMe Inc. does business under the assumed name GiveMe Entertainment.

3. Defendant Scalfani is an individual residing at 157 Trail Ridge Drive,

1

Hendersonville, Tennessee 37075.   Scalfani is the President of GiveMe.

## NATURE OF THE CLAIM, JURISDICTION AND VENUE

4. The claim arises under the Trademark and Unfair Competition Laws of the United States (15 U.S.C. § 1051 *et seq.*) and the common law of the State of New Jersey.

5. Jurisdiction of this Court is founded upon 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332(a)(1) and 1338(a) and (b).  The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

6. Upon information and belief, Defendants solicit and conduct business within the State of New Jersey through their "Cooking with Jack" YouTube channel and have committed tortious acts in the State of New Jersey.

7. Venue is proper within this Judicial District under 28 U.S.C. Sections 1391(b) and (c).

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

8. Telebrands is a direct marketing company and is engaged in the business of marketing and selling a wide variety of consumer products in this Judicial District and elsewhere through direct response advertising, catalogue, mail order, and Internet sales, and through national retail stores.

9. For over thirty years, Telebrands has been a developer and marketer of consumer products.  One of the products that Telebrands markets and sells is the RED COPPER 5 MINUTE CHEF product, a device with a non-stick surface for cooking a variety of foods in approximately five minutes or less.  The RED COPPER 5 MINUTE CHEF product has two wells that allow you to cook the top and bottom of your food simultaneously, minimizing the need to fold or flip your food.

10. Telebrands markets and sells its RED COPPER 5 MINUTE CHEF product throughout the United States on television and on its website, http://www.buy5minutechef.com, and through national retailers, such as Walmart. Telebrands has significantly invested in the manufacture and marketing of this product. Telebrands' marketing of the RED COPPER 5 MINUTE CHEF product includes use of the artwork depicted below:



11. Defendant Scalfani is featured in the "Cooking with Jack Show," in which he demonstrates recipes, provides cooking tips and/or provides product reviews. Episodes of the "Cooking with Jack Show" are shown on the Internet, including without limitation, on the "Cooking with Jack Show" YouTube channel at https://www.youtube.com/channel/UCf-k6-nJ6NzStEFdpBl03gQ. Attached as Exhibit A is a screen shot of the "Cooking with Jack Show" YouTube channel webpage. Defendants' YouTube channel has over 338,000 subscribers.

12. A link to the "Cooking with Jack Show" YouTube channel appears on the website, www.cookingwithjack.com, which is a URL registered to GiveMe. Attached as Exhibit B is a screen shot of a webpage from www.cookingwithjack.com showing the link to the "Cooking with Jack Show" YouTube channel.

13. On information and belief, Scalfani actively and consciously directs GiveMe's actions, includes actions with respect to the "Cooking with Jack Show."

14. On information and belief, each of Scalfani and GiveMe is the agent of the other and

acts within the scope, purpose, and authority of that agency and with knowledge, permission, and consent of the other.

15. On information and belief, there has existed such a unity of interest between GiveMe and Scalfani that any individuality and separateness of GiveMe and Scalfani has ceased such that each is the agent and alter-ego of the other in the acts alleged herein.

16. On information and belief, GiveMe's and Scalfani's actions described in this Complaint were made at each other's direction and/or in concert or participation with each other.

17. On information and belief, GiveMe's and Scalfani's actions described in this Complaint were made as agent of one another, and for each other's benefit.

18. On information and belief, Defendants have written, produced and/or shown the "Cooking with Jack Show," and episodes thereof have been shown on the "Cooking with Jack Show" YouTube channel.

19. On information and belief, Defendants created or directed the creation of the website, www.cookingwithjack.com, and control the website's content.

20. On or about December 16, 2017, Defendants created and aired an episode of the "Cooking with Jack Show," entitled "Red Copper 5 Minute Chef EXPLODES!!!!" which is a video of a product review by Scalfani for Telebrands' RED COPPER 5 MINUTE CHEF product. In the video, Scalfani alleges that he is using the RED COPPER 5 MINUTE CHEF product to make an omelet. After adding the eggs and other ingredients into the well and closing the well, Scalfani turns the unit over, and, after some time, the unit pops open and the omelet comes out. The unit does not explode into a ball of fire.

21. In the opening of the December 16, 2017 episode, Defendants use an image of Telebrands' RED COPPER 5 MINUTE CHEF artwork, as depicted above in paragraph 10, and have

4

impermissibly altered it to add the word "WARNING!!" bolded and in red. In addition, Defendants impermissibly added a graphic of a red and yellow flame explosion on top of an image of the RED COPPER 5 MINUTE CHEF product, as depicted below:



22. Throughout the December 16, 2017 episode, Scalfani repeatedly states that Telebrands' RED COPPER 5 MINUTE CHEF product "explodes."

23. Attached as Exhibit C is a screenshot of the December 16, 2017 episode on Defendants' YouTube channel, showing the December 16, 2017 episode has been viewed over 68,000 times. Other websites have also linked to the December 16, 2017 episode, including, without limitation, www.reddit.com, www.muldersworld.com, http://www.cview.mobi/video/red-copper-5-minute-chef-explodes, and https://dinelocal.net/cooking-with-jack-show/youtube/964/.

24. As shown in Exhibit D, Defendants have advertised the December 16, 2017 episode as being the "Best Product Review" of 2017 because it got the most views.

25. On information and belief, Defendants' use of the term "EXPLODES!!!" along with the terms "WARNING!!" and an inflammatory image of a red and yellow flame explosion superimposed over an image of the product was and is with the intent and purpose of confusing, misleading, and deceiving the public into believing that Telebrands' RED COPPER 5 MINUTE CHEF product is dangerous and explodes into a ball of fire during use.

26. On their YouTube channel, Defendants instruct consumers as follows: "PLEASE

SHARE THIS VIDEO SO OTHERS WILL BE WARNED!!!"  On their YouTube channel, Defendants also state: "THANKS EVERYONE FOR SHARING THIS. NO ONE SHOULD BUY THIS PRODUCT THIS CHRISTMAS OR......EVER!!!"

27.     On information and belief, Defendants' deception has already influenced consumers to not purchase Telebrands' RED COPPER 5 MINUTE CHEF product and will continue to do so. In addition, Defendants' deception is material and has damaged and is likely to damage the reputation and goodwill of Telebrands with respect to its RED COPPER brand and products.

28.     Telebrands is being irreparably injured and monetarily damaged by Defendants' deception.  Telebrands has no adequate remedy at law.

## COUNT ONE
## FALSE ADVERTISING IN VIOLATION OF SECTION 43(A) OF THE LANHAM ACT

29.     Telebrands repeats and realleges all of the factual allegations made above and incorporates them herein by reference.

30.     This cause of action for false advertising arises under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31.     In Defendants' December 16, 2017 episode of the "Cooking with Jack Show," Defendants falsely and misleadingly describe the nature, characteristics, and/or quality of Telebrands' RED COPPER 5 MINUTE CHEF product through their use of the term "EXPLODES!!!" along use of the term "WARNING!!" coupled with an inflammatory red and yellow flame explosion on Telebrands' product.  Defendants' actions created and continue to create the misleading impression that Telebrands' RED COPPER 5 MINUTE CHEF product explodes, creating a fire, during use, when it is does not.

32.     The December 16, 2017 episode of the "Cooking with Jack Show" airs to consumers

throughout the United States.

33. Telebrands' RED COPPER 5 MINUTE CHEF product travels in interstate commerce.

34. Defendants' depiction and description of Telebrands' RED COPPER 5 MINUTE CHEF product is material, false and has and will influence consumers to not purchase the product.

35. As a result of Defendants' false and misleading depiction and description of Telebrands' RED COPPER 5 MINUTE CHEF product, Telebrands has been and is likely to continue to be injured by a decline in sales and by the lessening of the goodwill that Telebrands' RED COPPER products enjoy with the buying public unless Defendants are enjoined. Defendants will, on information and belief, continue to infringe upon Telebrands' rights under §43(a) of the Lanham Act unless and until they are enjoined by this Court. Telebrands has no adequate remedy at law.

## COUNT TWO
## UNFAIR COMPETITION UNDER NEW JERSEY COMMON LAW

36. Telebrands repeats and realleges all of the factual allegations made above and incorporates them herein by reference.

37. This cause of action arises under the New Jersey common law.

38. In Defendants' December 16, 2017 episode of the "Cooking with Jack Show," Defendants falsely and misleadingly describe the nature, characteristics, and/or quality of Telebrands' RED COPPER 5 MINUTE CHEF product by the acts described above.

39. As a result of Defendants' false and misleading depiction and description of Telebrands' RED COPPER 5 MINUTE CHEF product, Telebrands has been and is likely to continue to be injured by a decline in sales and by the lessening of the goodwill that Telebrands' RED

COPPER products enjoy with the buying public unless Defendants are enjoined.

40. Telebrands has been and is being damages by such acts and damage will continue unless Defendants are enjoined. Telebrands has no adequate remedy at law.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Telebrands demands judgment as follows:

a. Entering judgment in Telebrands' favor and against Defendants;

b. Temporarily restraining, and preliminarily and permanently enjoining Defendants, their agents, servants, employees and attorneys and all those acting in concert or participation with them from:

   1. from showing the December 16, 2017 episode of the "Cooking with Jack Show" in any and all media, including without limitation the Internet;

   2. from using any variant of the word "explodes," or any similar word, or an image of a fire explosion in connection with Telebrands' RED COPPER 5 MINUTE CHEF product; and

   3. from falsely describing, representing or suggesting the nature, characteristics, or qualities of Telebrands' RED COPPER 5 MINUTE CHEF product.

c. Requiring Defendants to remove the December 16, 2017 episode of the "Cooking with Jack Show" from their YouTube channel and any other website where it currently appears, and to have it removed from all third party websites;

d. Requiring Defendants to issue corrective advertising, informing consumers that Telebrands' RED COPPER 5 MINUTE CHEF product does not explode into a ball of flames during ordinary use;

e. Requiring Defendants to pay any damages sustained by Telebrands as a result of their acts and Telebrands' costs for this action under 15 U.S.C. § 1117;

  f. Awarding Telebrands its reasonable attorneys' fees because of the exceptional nature of this case, pursuant to 15 U.S.C. § 1117(a);

  g. Requiring Defendants to pay to Telebrands treble damages due to the exceptional circumstances of this case, pursuant to 15 U.S.C. § 1117(a) and/or any other statute alleged in this Complaint; and

  h. Granting such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues and claims so triable.

Respectfully submitted,

January 5, 2018      By s/ Tonia A. Sayour

           Robert T. Maldonado (to be admitted *pro hac vice*)
           Tonia A. Sayour
           Elana B. Araj (to be admitted *pro hac vice*)
           COOPER & DUNHAM LLP
           30 Rockefeller Plaza
           New York, New York 10112
           Tel.: (212) 278-0400
           Fax: (212) 391-0525
           Rrmaldonado@cooperdunham.com
           tsayour@cooperdunham.com
           earaj@cooperdunham.com

           *Attorneys for Plaintiff Telebrands Corp.*

**CERTIFICATION PURSUANT TO L. CIV. R. 201.1**

Pursuant to Local Civil Rule 201.1, Telebrands, through its attorneys, certifies that the above captioned matter is not subject to compulsory arbitration.

January 5, 2018							By	s/ Tonia A. Sayour

								Robert T. Maldonado (to be admitted *pro hac vice*)
								Tonia A. Sayour
								Elana B. Araj (to be admitted *pro hac vice*)
								COOPER & DUNHAM LLP
								30 Rockefeller Plaza
								New York, New York  10112
								Tel.: (212) 278-0400
								Fax: (212) 391-0525
								rmaldonado@cooperdunham.com
								tsayour@cooperdunham.com
								earaj@cooperdunham.com

								*Attorneys Plaintiff Telebrands Corp.*